UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60940-CIV-COHN

TGB MARINE, LLC,

Magistrate Judge Seltzer

　　　　Plaintiff,

vs.

MIDNIGHT EXPRESS POWER BOATS, INC.,

　　　　Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS LITIGATION

THIS CAUSE is before the Court upon Defendant's Motion to Compel Arbitration and to Dismiss Litigation [DE 2]. The Court has carefully considered the Complaint [DE 1], the Motion, Plaintiff's Response [DE 3], and Defendant's Reply [DE 4], and is otherwise fully advised in the premises. The motion became ripe on July 17, 2008.

I.   BACKGROUND

Plaintiff TGB Marine, LLC ("Plaintiff" or "TGB") purchased a 37 foot vessel from Defendant Midnight Express Power Boats, Inc. ("Defendant" or "Midnight Express") for $400,376.12, pursuant to a Purchase and Sale Agreement executed on January 7, 2007. Complaint, ¶¶ 6-9 [DE 1]; Exhibit A to Complaint and to Defendant's Motion [DE 2].[1] Defendant issued a warranty on the vessel, which likely was also executed on the

---

[1] The only legible copy of the Purchase and Sale Agreement can be found attached to Plaintiff's Memorandum in Opposition [DE 3-2].

same date.  Plaintiff's Memorandum in Opposition, ¶ 7; Exhibit B to Complaint.[2]

The vessel was delivered in early June of 2007.  Shortly after delivery, Plaintiff complained of various deficiencies and returned the vessel to Defendant for repair. Complaint, ¶¶ 16-23.  Defendant returned the vessel back to Plaintiff after some repair. In the next few days, on a trip to the Bahamas, serious problems arose with operation of the vessel.  Id. at ¶¶ 25-36.  Midnight Express took possession of the vessel in the Bahamas and returned it to Fort Lauderdale for further repair.  After several months of a cycle of repair, delivery, and recurrent problems not relevant to the present motion to compel arbitration, Plaintiff eventually demanded full return of the purchase price.  Id. at 91.  After Defendant's refusal, this lawsuit commenced.

Plaintiff brings claims for fraud in the inducement and various warranty claims under the Uniform Commercial Code, the Magnuson-Moss Warranty Act ("MMWA"), and the express written warranty.  Defendant removed the action from state court and filed the present motion to compel arbitration based upon an arbitration clause in the Purchase and Sale Agreement ("Agreement").  Plaintiff opposes the motion.

The relevant provision of the Agreement states the following:

> If a dispute arises out of this Agreement, the disputing party shall provide the non-disputing party a notice in writing specifying with particularity the nature of the dispute.  The parties shall then enter into discussions, acting in good faith to resolve the dispute, for a period of 30 days (the "Good Faith Resolution Period").  The parties shall submit to non-binding arbitration any dispute arising out of this Agreement not resolved during the Good Faith Resolution Period.  Either

---

[2] The only legible copy of the warranty can be found at Exhibit B to Plaintiff's Memorandum [DE 3-3].

> party may initiate such arbitration by sending written notice to the other party of election to the right of arbitration. The arbitration shall be conducted under the auspices of the American Arbitration Association (the "AAA") and in accordance with the AAA's Commercial Arbitration Rules. The requesting party shall file the demand for arbitration and pay the required filing fee. The arbitration hearing shall be held before a panel of three arbitrators at a place designated by the arbitrators in Broward County, Florida. Each party shall have the right to select one arbitrator, and the third arbitrator shall be selected by mutual agreement of the parties, or, if the parties are unable to reach such mutual agreement, by mutual agreement of the two arbitrators selected by the parties. The arbitrators shall observe the Code of Ethics for Arbitrators in Commercial disputes promulgated by the AAA and the American Bar Association, or any successor code. The prevailing party in the arbitration shall be entitled to recover its costs and reasonable attorney's fees as part of the reward.

Agreement, ¶ 10, Exhibit B to Plaintiff's Memorandum [DE 3-2]. The warranty provided by Defendant does not mention arbitration or any form of alternative dispute resolution.

## II. DISCUSSION

### A. Standard of Review

The strong federal preference for arbitration of disputes expressed by Congress in the Federal Arbitration Act ("FAA") must be enforced wherever possible. Musnick v. King Motor Co. of Fort Lauderdale, 325 F.3d 1255, 1258 (11th Cir.2003). However, notwithstanding this federal policy favoring arbitration, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." MS Dealer Service Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir.1999) (citation omitted). A district court must undertake a two-step inquiry when

3

considering a motion to compel arbitration. Its first task "is to determine whether the parties agreed to arbitrate that dispute," a determination made by reference to the "federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626-28 (1985) (citations omitted). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Id. If the court determines that the parties did agree to arbitrate the dispute in question, then the second step is to consider "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." Id. at 628.

### B.  Agreement to Arbitration:  Binding or Non-Binding

While the parties agree that the Purchase and Sale Agreement contains an arbitration provision, there is disagreement over the enforcement of the arbitration. Plaintiff argues that the arbitration agreement as set forth in the purchase and sale agreement is for "non-binding arbitration." Agreement, ¶ 10. Defendant contends that the one reference to the non-binding arbitration in the purchase and sale agreement is a scrivener's error and that the Agreement intended to have binding arbitration of disputes. Defendant asserts that incorporation of the American Arbitration Association ("AAA") rules into the Agreement for a court to enter a final judgment of an arbitration award makes the arbitration binding, regardless of the plain language.

The question of whether the parties have agreed to allow arbitrators to decide the issue of arbitrability is essentially a question of contract law in which federal courts apply ordinary state-law contract principles. See Scott v. Prudential Secs., Inc., 141

F.3d 1007, 1011 (11th Cir.1998).  Under Florida law, courts are to interpret a contract so as to give effect to the intent of the parties.  Id. at 1012.  A mistake is mutual when the parties agree to one thing and then, due to a scrivener's error, express something different in the written agreement.  Providence Square Ass'n, Inc. v. Biancardi, 507 So.2d 1366, 1372 (Fla. 1987).

Reformation of a contract based on scrivener's error requires a mutual mistake. VLX Properties, Inc. v. Southern States Utilities, Inc., 792 So.2d 504, 507 (Fla. 5th DCA 2001).  While Defendant asserts that the term "non-binding" is a scrivener's error, Plaintiff contends that the parties agreed to non-binding arbitration as specified in the Agreement.  Other than mention of the AAA procedures being consistent with binding arbitration, Defendant presents no evidence that Plaintiff agreed to binding arbitration. Therefore, the error is a unilateral mistake in a document drafted by Defendant, not a scrivener's error.

Defendants argue that the incorporation of the AAA rules into the agreement precludes the parties from having non-binging arbitration.  Plaintiff contends that parties are free to make changes to the rules set forth by the AAA and that it is permissible to agree on non-binding arbitration and still comport with the AAA's procedures.  As noted in the Background section, the agreement sets forth that arbitration will be conducted under the auspices of the AAA.  Defendant argues that non-binding arbitration is not permissible because AAA Rule 48(c) provides that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

Defendant's Motion to Compel Arbitration, p. 8 [DE 2].  This wording from the AAA rules incorporated into the Agreement creates the presumption that all arbitration under the AAA must be binding if a court is to enter final judgment of an arbitration award.  Plaintiff asserts that "[t]he parties, by written agreement, may vary the procedures set forth in these rules," and therefore, the parties agreed upon non-binding arbitration in accordance with AAA rules.  Plaintiff's Response, p. 6 [DE 3].  Under Florida law, a party can agree to non-binding arbitration and have it conducted according to AAA rules.  Ocean-Yachts, Inc. v. Florida Yachts Intern., Inc., 960 So.2d 44, 45 (Fla. 3d DCA 2007).  Given this authority, the Court rejects Defendant's argument that incorporation of AAA rules trumps the plain use of the term "non-binding" arbitration in the agreement.  The Court concludes that the parties agreed to non-binding arbitration.

### C.  External Legal Constraints

Having found that the parties agreed to non-binding arbitration, the Court turns to Plaintiff's argument that two external legal constraints preclude arbitration.  First, Plaintiff maintains that the agreement is unenforceable as a matter of law because it fails to comport with the "single document rule" under the MMWA.  Second, Plaintiff contends that the Arbitration Agreement is unconscionable and that it therefore cannot be enforced against them.

#### 1.  Single Document Rule

Plaintiff argues that the Agreement violates the disclosure requirements of the MMWA and the Federal Trade Commission Act because the arbitration agreement is

6

not clearly and conspicuously written on the face of the warranty.  Further, Plaintiff alleges that the arbitration agreement only applies to claims rising out of the Purchase and Sale Agreement, not the warranty claims.  Defendant contends the warranty is an attachment to the parties' Agreement, and incorporated into the Agreement.  Therefore, Defendant asserts that it is all one agreement  and all disputes arising from a breach of warranty are subject to the arbitration provision of the Agreement.

Under the MMWA, "any warrantor warranting a consumer product to a consumer by means of a written warranty, shall to the extent required by rules of the [Federal Trade] Commission, fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty."  15 U.S.C. § 2302(a).  The statute specifies that such rules may require inclusion in the written warranty of information concerning any "informal dispute settlement procedure" offered or required by the warrantor.  Id. at § 2302(a)(8).  The MMWA also directs the Federal Trade Commission ("FTC") to design rules containing "minimum requirements for any informal dispute settlement procedure which is incorporated into the terms of a written warranty."  Id. at § 2310(a)(2).

In satisfaction of its statutory mandate, the FTC promulgated a rule providing that "[a]ny warrantor warranting to a consumer by means of a written warranty a consumer product actually costing the consumer more than $15.00 shall clearly and conspicuously disclose in a single document in simple and readily understood language," nine specific items of information.  16 C.F.R. § 701.3(a).  This requirement is

known as the "single document rule."[3]  For this case, the relevant item that must be disclosed in a written warranty is: ". . . (vi) [i]nformation respecting the availability of any informal dispute settlement mechanism elected by the warrantor."

It appears from the Complaint and Plaintiff's Memorandum that the Purchase and Sale Agreement and Limited Warranty were signed and executed at the same time, though the record is not clear.  Plaintiff alleges that the Warranty was not effective until delivery of the vessel.   However, even if the documents were executed at the same time, neither document references the other.

In Cunningham v. Fleetwood Homes of Georgia, Inc., 253 F.3d 611,  624 (11th Cir. 2001), the Eleventh Circuit held that "failure to disclose in the warranty a term or clause requiring the [purchaser] to utilize an informal dispute resolution mechanism runs afoul of the disclosure requirements of the Magnuson-Moss Warranty Act."  It appears from the Cunningham case that the warranty in that case was presented at the same time as the execution of an arbitration agreement.  253 F.3d at 613.  Such appears to be the case herein.  Although the documents may have been executed at the same time, the MMWA requires "clear and conspicuous" disclosure in the warranty.

---

[3]  A warrantor's failure to comply with the single document rule precludes him from compelling arbitration of express warranty or MMWA claims, but does not impair arbitrability of other causes of action.  See Patriot Mfg., Inc. v. Dixon, 399 F.Supp.2d 1298, 1302 n. 3 (S.D. Ala. 2005); Cunningham v. Fleetwood Homes of Georgia, Inc., 253 F.3d 611, 613, 624 (11th Cir. 2001) (leaving undisturbed trial court's decision to compel arbitration of all claims except for MMWA and express warranty claims, where warranty was violative of single document rule).  Thus, Plaintiff's reliance on the "single document rule" implicates only the arbitrability of its express warranty and MMWA causes of action, and does not affect the arbitrability of the claims for fraud or breach of implied warranty.

Defendant asserts that the Cunningham decision was overruled "*sub silentio*" by a later panel of the Eleventh Circuit Court of Appeals. In Davis v. Southern Energy Homes, Inc., 305 F.3d 1268 (11th Cir. 2002), the Court answered the question not decided by Cunningham, that warrantors can include binding arbitration provisions in the warranty itself and not be in violation of the MMWA. Davis is distinguished on its facts, however, as that decision stated that its parties "signed a binding arbitration agreement contained within the manufactured home's written warranty." 305 F.3d at 1270. As already described above, the arbitration clause in this case, which is non-binding, was not contained within the warranty.

## 2. Unconscionability of the Agreement

Plaintiff also asserts that the arbitration provision is both substantively and procedurally unconscionable. Plaintiff states that the language in the agreement is boilerplate and Plaintiff was not in a realistic position to bargain these terms. Plaintiff also states that the clause is substantively unconscionable as it frustrates the purpose of the MMWA and Florida's Uniform Commercial Code.

The court may decline to enforce an arbitration agreement on the ground that it is unconscionable. Palm Beach Motor Cars Ltd., Inc. v. Jeffries, 885 So.2d 990, 992 (Fla. 4th DCA 2004). "Procedural unconscionability relates to the manner in which the contract was entered and involves such issues as the relative bargaining power of the parties and their ability to know and understand the disputed contract terms." Id. Plaintiff claims the agreement is procedurally unconscionable because Plaintiff was not

9

in a realistic position to negotiate boilerplate terms of the Agreement. However, the "mere inequality in bargaining power ... is not a sufficient reason to hold that arbitration agreements [are unenforceable]." Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1378 (11th Cir. 2005) (quoting Saturna v. Bickley Constr. Co., 252 Ga.App. 140, 555 S.E.2d 825, 827 (2001)). In addition, the arbitration clause does not limit the legal remedies of either party in any way, as the arbitration is non-binding, and Plaintiff has the option of taking the dispute to court should the arbitration turn out to be unsuccessful. Finally, Defendant asserts that there was significant negotiation of the Agreement, in that one of the two principals of TGB Marine is an attorney who was involved in the negotiation. The Court determines that Plaintiff has not shown that the Agreement is procedurally unconscionable.

Plaintiff next argues that the agreement is substantively unconscionable because it is violative of both the MMWA and Florida's Uniform Commercial Code. Substantive unconscionability focuses on the actual agreement and whether the terms are unreasonable and unfair. Jeffries, 885 So.2d at 992. Essentially, the court must determine whether the arbitration provision is "so outrageously unfair as to shock the judicial conscience." Prieto v. Healthcare and Retirement Corp. of America, 919 So.2d 531, 533 (Fla. 3d DCA 2005). In evaluating substantive unconscionability, courts have looked to factors such as the cost of the arbitration proceeding and whether the provision requires one or both parties to give up certain remedies, such as punitive damages or injunctive relief. Jeffries, 885 So.2d at 992; see also Powertel Inc. v. Bexley, 743 So.2d 570, 576 ("Fla. Dist. Ct. App. 1999) ("One indicator of substantive

10

unconscionability is that the agreement requires the customers to give up other legal remedies").

The Court does not find the Agreement to rise to the level of so outrageously unfair as to shock the judicial conscience. The Agreement follows the rules of the AAA, providing Plaintiff with ample safeguards during the arbitration proceedings. Neither party gives up any possible remedies, and if a party is unhappy with the result of the arbitration, either party can commence litigation in court. Finally, the Eleventh Circuit allows written warranty claims arising under the MMWA to be subject to binding arbitration agreements. Davis, 305 F.3d at 1280. It would be difficult to show that it was unfair to mandate non-binding arbitration if binding arbitration is allowed.

The Court concludes that the arbitration provision is neither procedurally nor substantively unconscionable, and will simply enforce the parties' agreement to submit non-MMWA claims to arbitration.

### III. CONCLUSION

As noted above in footnote three, the failure to include the arbitration clause in the warranty does not affect the non-MMWA or express warranty claims. Those claims for fraud in the inducement (Count I), post-purchase warranty (Count VI), and breach of the implied warranty of workmanlike performance (Count VII) are subject to non-binding arbitration and will be stayed at this time. Cunningham, 253 F.3d at 613, 624 (leaving undisturbed trial court's decision to compel arbitration of all claims except for MMWA and express warranty claims, where warranty was violative of single document rule).

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that

1. Defendant's Motion to Compel Arbitration and Dismiss Litigation [DE 2] is hereby **GRANTED in part** and **DENIED in part**;

2. The claims for fraud in the inducement (Count I), post-purchase warranty (Count VI), and breach of the implied warranty of workmanlike performance (Count VII) are not part of the MMWA or express warranty claims and therefore Plaintiff is compelled to follow the "Disputes" provision of the Parties' Agreement. These claims are therefore **STAYED** pending resolution of the non-binding arbitration;

3. Defendant shall file a Response by September 12, 2008, to the remaining Claims in Counts II, III, IV, V, and IX regarding the MMWA and express warranty claims.[4]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of August, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record

---

[4] There is no Count XIII and Count X is not a separate claim, but rather just a demand for punitive damages, which in federal practice can be plead in a complaint without an evidentiary showing.