UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60940-CIV-COHN

TGB MARINE, LLC,

Magistrate Judge Seltzer

    Plaintiff,

vs.

MIDNIGHT EXPRESS POWER BOATS, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO STAY PENDING APPEAL

THIS CAUSE is before the Court upon Defendant's Motion to Stay all Proceedings Pending Appeal [DE 9].  The Court has carefully considered the Motion, Memorandum in support thereof [DE 10], Plaintiff's Response [DE 28], and Defendant's Reply [DE 29], and is otherwise fully advised in the premises.  The motion became ripe on September 30, 2008.

### I.  BACKGROUND

Plaintiff TGB Marine, LLC ("Plaintiff" or "TGB") filed this action against Midnight Express Power Boats, Inc. ("Defendant") for fraud in the inducement and various warranty claims under the Uniform Commercial Code, the Magnuson-Moss Warranty Act ("MMWA"), and the express written warranty.  Defendant removed the action from state court and filed a motion to compel arbitration based upon an arbitration clause in the parties' Agreement.  The Court granted the motion in part, compelling non-binding arbitration of various state common law claims, and denying the motion to compel as to the MMWA and express warranty claims [DE 5].

Defendant timely filed a motion to stay all claims pending appeal to the United States Court of Appeals for the Eleventh Circuit. Plaintiff opposes the motion.

## II. DISCUSSION

When an interlocutory appeal of a order denying a motion to compel arbitration is filed in the district court, "the district court should stay the litigation so long as the appeal is non-frivolous." Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1253 (11th Cir. 2004). In this case, Defendant argues that it has several non-frivolous grounds for appeal: 1) whether the Agreement in this case requires binding arbitration, 2) whether the MMWA and warranty claims are subject to arbitration because the arbitration clause was in the Agreement (though not the warranty); 3) whether the Federal Arbitration Act ("FAA") applies to non-binding arbitration; and 4) whether an arbitrator and not the court should decide the issue of whether the Agreement requires binding versus non-binding arbitration.

Plaintiff asserts that an appeal of this Court's decision to rely on the plain language of the Agreement, which only includes the term "non-binding arbitration," is frivolous. This Court tends to agree on this point. However, while the Court stands behind its decision that the MMWA and warranty claims are not subject to arbitration because the arbitration clause was not specifically mentioned in the warranty, as opposed to the Agreement, the Court must conclude that Defendant's appeal on this ground is not frivolous. Compare Cunningham v. Fleetwood Homes of Georgia, Inc., 253 F.3d 611, 624 (11th Cir. 2001) with Davis v. Southern Energy Homes, Inc., 305 F.3d 1268, 1270 (11th Cir. 2002).

Plaintiff relies upon the recent Eleventh Circuit opinion in <u>Advanced Bodycare Solutions, LLC v. Thione International, Inc.</u>, 524 F.3d 1235, 1239 (11th Cir. 2008), for the proposition that only arbitration that results in an enforceable award is entitled to the stay provisions of the FAA.  However, on the threshold issue of whether the appellate court had jurisdiction, the Court reaffirmed the standard announced in <u>Blinco</u>, that a non-frivolous claim that the parties had an agreement to arbitrate is sufficient to merit a right to appeal the denial of a motion to compel arbitration.  524 F.3d 1235 at 1238.  While this Court believes its decision on the motion to compel arbitration remains correct, Defendant has met its limited burden to stay this action pending resolution of its appeal of this Court's order denying in part its motion to compel arbitration.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1. Defendant's Motion to Stay all Proceedings Pending Appeal [DE 9] is hereby **GRANTED**;

2. This action as to the remaining Claims in Counts II, III, IV, V, and IX regarding the MMWA and express warranty claims is hereby **STAYED**, pending resolution of Defendant's Notice of Appeal [DE 12];

3. The Clerk may close this case for statistical purposes, subject to reopening upon the issuance of the mandate from the Court of Appeals.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of October, 2008.

JAMES I. COHN
United States District Judge

3

Copies furnished to:

counsel of record on CM/ECF